# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FARHI SAEED BIN MOHAMMED,   :
:
     **Petitioner ,**    :
:
     **v.**      :     **Civil Action No. 05-1347 (GK)**
:
BARACK H. OBAMA, *et al.*,    :
:
    **Defendants.**    :

# ORDER

On November 19, 2009, after a merits hearing, this Court granted Petitioner's request for a Writ of Habeas Corpus and ordered the Government to take all necessary and appropriate diplomatic steps to facilitate his release forthwith. On June 1, 2010, Petitioner filed an Emergency Motion to Compel Compliance With This Court's Order of November 19, 2009 and For TRO and Injunction Against Transfer of Petitioner to Algeria. The matter is now fully briefed.

In its Opposition to the Motion, the Government relies heavily on the representations made in three declarations, one of which was submitted *ex parte* so that Petitioner has not had an opportunity to read it, of Daniel Fried, the Special Envoy for the Closure of the Guantanamo Bay Detention Facility. Two of those declarations appear to be boilerplate statements which have been filed in a number of the Government's Oppositions to Motions (including Petitioner's), filed before Judge Thomas F. Hogan of this Court, for an injunction against the transfer of certain petitioners held at Guantanamo Bay to other countries, including Algeria.[1] Moreover, both of those two declarations are relatively old in that one was filed on July 9, 2009, and the second was filed on

---

[1] On February 4, 2010, Judge Hogan denied those Motions, and on April 18, 2010, denied Petitioners' Motions for Reconsideration.

November 25, 2009. Obviously, the first two declarations are more than six months old. The classified *ex parte* declaration was filed much more recently.

Petitioner has voiced great fear about being transferred to Algeria. He has not lived in Algeria for more than 20 years, and has no ties to that country. Because he has been designated an "enemy combatant," he greatly fears retribution by the Algerian authorities and that he will be formally charged under the Algerian Penal Code, tortured, convicted, and very possibly executed by the Algerian Government. He has claimed that he will be caught between the Algerian government, which will brand him as an international terrorist, and armed domestic terrorists, who oppose the existing government, often pressure individuals to join their ranks, and retaliate violently when such individuals refuse. Petitioner has made clear that he would rather suffer continued confinement in Guantanamo Bay than be placed in the control of the Algerian government.

These allegations are of great concern. It is essential that the representations of the United States Government that it has received assurances from the Algerian Government that any Guantanamo Bay prisoner who is transferred to that country will receive "humane treatment and treatment in accordance with the international obligations of the foreign government accepting transfer" be tested. November 25, 2009 Decl. of Special Envoy Fried at ¶ 6. Given the centrality of those representations and assurances to the future of Petitioner and possibly to his very life, this Court has an obligation to ensure that there is real substance behind the conclusory phrases contained in Special Envoy Fried's declarations. As is well known, there is no better mechanism than interrogation by competent counsel to achieve that goal. Consequently, in order to resolve any doubts about the issue, Special Envoy Fried must be made available to respond to questions from all counsel, as well as the Court, regarding the facts and judgments referred to in his declarations.

Such responses may well require discussion of classified information, and therefore the hearing will be closed to the public, although a redacted transcript will be made public within 24 hours. Consequently, it is hereby

ORDERED, that a hearing will be held on Petitioner's Motion on June 21, 2010, at 10:00 a.m.; and it is further

ORDERED, that Special Envoy Daniel Fried is to be present in order to testify about the representations he has made under oath in declarations submitted to the Court.

June 10, 2010                                    /s/
                                                 Gladys Kessler
                                                 United States District Judge

**Copies via ECF to all counsel of record**